**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

HAROLD STEVEN JACKSON #40458-037    *
                                   *    Civil Action No. PJM-12-1513

Petitioner                         *    Related Criminal Action No. PJM-02-396
                                   *

v                                        *

UNITED STATES OF AMERICA        *

Respondent                   *

                                       ***

**MEMORANDUM OPINION**

Pending are Petitioner Harold Steven Jackson's ("Jackson") Motion to Vacate (ECF No. 60) and Motion for Equitable Tolling (ECF No. 61).  The government has filed a Motion to Dismiss the Motion to Vacate and Opposition to Defendant's Request for Equitable Tolling (ECF No. 63), to which Jackson has filed a reply (ECF No. 64). After reviewing the pleadings, the Court determines a hearing is unnecessary to resolve the issues. *See* Rule 8, "Rules Governing Section 2255 Proceedings in the United States District Courts" and Local Rule 105.6 (D. Md. 2011).  For reasons to follow, the Court will dismiss the Motion to Vacate as untimely and deny the Motion for Equitable Tolling.

**PROCEDURAL BACKGROUND**

On December 30, 2002, Jackson pleaded guilty to the charge of felon in possession of a firearm. On April 29, 2003, this Court sentenced him to 37 months imprisonment to be followed by 3 years of supervised release.

On June 15, 2006, this court issued a warrant for Jackson's arrest for violating his supervised release.  Jackson's initial appearance on the violation was held on the same date.

On July 10, 2006, in a separate case, Criminal No. PJM- 06-0306, Jackson was indicted

for one count of felon in possession of a firearm related to the violation of supervised release. On November 8, 2006, Jackson entered a guilty plea and sentencing was scheduled for February 27, 2007.

On February 21, 2007, the Court granted a request to hold the violation of supervised release hearing on the same day as Jackson's sentencing in Criminal No. PJM-06-0036. On February 27, 2006, Jackson was sentenced to 87 months incarceration in Criminal Action No. PJM-06-306. The hearing on Jackson's violation of supervised release was rescheduled for April 18, 2007.  On April 18, 2007, an evidentiary hearing was held. Jackson was found in violation of his supervised release and sentenced to 24 months to run consecutively to the sentence imposed in Criminal No. PJM-06-306.

The Court granted Jackson a belated appeal. A notice of appeal was filed on January 16, 2008 (ECF No. 57). On October 3, 2008, the Fourth Circuit Court of Appeals affirmed the violation of supervised release and sentence. The mandate issued on October 27, 2008.

On May 17, 2012, Jackson filed the instant Motion to Vacate (ECF No. 60) and Motion for Equitable Tolling (ECF No. 61).[1] On May 24, 2012, the Court ordered the government to file a response addressing the timeliness of the Motion to Vacate.

On June 20, 2012, the government filed a response requesting dismissal of the Motion to Vacate as time-barred.  Jackson filed a reply in opposition on July 2, 2012.

## ANALYSIS

Motions filed under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f).   To be timely, a prisoner must file a Motion to Vacate, Set Aside, or Correct Sentence within one year of the latest of the following dates:

---

[1] For the purpose of assessing timeliness of the Motion to Vacate, the Court deems it filed on the date it was delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (applying prison mailbox rule).

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

In this case, the pertinent date is that date when the judgment of conviction became final. "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).  The Fourth Circuit affirmed Jackson's violation of supervised release sentence by mandate issued on October 27, 2008. He then had 90 days to file a petition for writ of certiorari. *See* 28 U.S.C. § 2101(c); *see also* U.S. Sup.Ct. R. 13(1) (stating a petition for a writ of certiorari must be filed within ninety days of judgment being appealed).  Jackson did not file a petition for writ of certiorari; consequently, the one-year period started to run on January 26, 2009, and expired one year later. Jackson's Motion to Vacate was filed more than three years after the limitations period expired. Unless the limitations period was equitably tolled, the Motion is time-barred.

The one-year limitation period is subject to equitable tolling where a petitioner demonstrates "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 2339 F.3d 238, 246 (4th Cir. 2003) (en banc). Equitable

3

tolling applies only when a petitioner can demonstrate that 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented his timely filing. *See Holland v. Florida* _ U.S. , 130 S.Ct. 2549, 2563 (2010).  Whether equitable tolling applies depends on the facts and circumstances of each case. *See Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000). Generally, ineffective assistance of counsel alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (citing *Harris*, 209 F.3d at 331). Equitable tolling based upon attorney misconduct requires more than a "garden variety claim of excusable neglect." *See United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010) (citing *Holland*, 130 S.Ct. at 2562–65).

In his motion, Jackson claims his lawyer, Lisa Lunt, "informed petitioner that she was going to file a motion pursuant to 28 U.S.C. § 2255 after his appeal."  ECF No. 61.  Jackson also asserts his "numerous" attempts to contact his attorney by letter and by phone went unanswered. ECF No. 64.  Jackson, who filed the instant petition some forty months after the limitations period expired fails to show diligent pursuit of his rights based on these unsubstantiated allegations. Apart from his unsupported and self-serving assertions, Jackson provides no evidence that counsel informed him she would file a §  2255 motion on his behalf.  Further, Jackson fails to particularize his "numerous" attempts to contact counsel.

Most importantly, Jackson has failed to allege facts to show that his attorney was the cause his § 2255 motion was untimely. He fails to make any allegations to demonstrate how counsel's purported actions or omissions caused him to miss the filing deadline by some 40 months.

Jackson, who has considerable experience filing pro se pleadings in federal courts, does not allege he was hindered or unable to file a timely § 2255.[2]  ECF No. 63 at 5.[3]  Jackson offers no explanation as to why he waited more than three years to file his § 2255 Motion.[4]  Under these circumstances, it cannot be said that he was diligent in pursuing his federal remedies. Accordingly, equitable tolling is not warranted in this case, and the Motion will be dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, a petitioner must demonstrate both that the ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.   Jackson has failed to make the requisite showing.

---

[2] *See* Pacer https://pcl.uscourts.gov/view?rid=BqOjq53NdzwXrX7yRS6QlvzCHRPIi4TOhB1lIsc4&page=1; https://pcl.uscourts.gov/view?rid=aqM1cGCkXngoV4wvIAXr6NfAMnaS4wqfH9JclEfd&page=1.

[3] As the government notes, on September 15, 2011, Jackson filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, requesting the same relief he seeks in this § 2255 motion.  ECF No. 63.

[4] "[U]nfamiliarity with the legal process or ignorance of the law cannot support equitable tolling." *Oriakhi,* 394 Fed. Appx. at 977 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000)).

**CONCLUSION**

For the reasons stated herein, the Court will dismiss Motion to Vacate as untimely and declines to issue a Certificate of Appealability.  An Order consistent with this Memorandum Opinion follows.

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

January 9, 2013